IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND BENAVIDES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-11-126-C |
| ) | |
| CITY OF OKLAHOMA CITY; ) | |
| OKLAHOMA CITY POLICE ) | |
| DEPARTMENT; BILL CITTY, in his ) | |
| official and individual capacities; KIM ) | |
| FLOWERS, in her individual and official ) | |
| capacities; DALE SNEED, in his official ) | |
| and individual capacities; JOHN ) | |
| LAMBERT, in his official and individual ) | |
| capacities; BRYAN AARON, in his ) | |
| official and individual capacities; DAVID ) | |
| SHUPE, in his official and individual ) | |
| capacities; and RONNIE BECK, in his ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Plaintiff filed this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"). Defendants have filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging Plaintiff's Complaint fails to adequately plead a claim for relief. Specifically, Defendant Oklahoma City Police Department ("OCPD") argues it is not an entity that can be sued; Defendants Citty, Flowers, Sneed, Lambert, Aaron, Shupe, and Beck argue the claims against them in their official capacities should be dismissed as duplicative to the claims against Defendant City of Oklahoma City; and Defendants Citty, Flowers,

Sneed, Lambert, Aaron, and Shupe argue that there is no individual liability under the ADA or the FMLA and even if there were Plaintiff has failed to allege facts sufficient to state a claim against them. Plaintiff has filed a response to some of the motions, confessed others, and simply ignored others.

1. City of Oklahoma City Police Department.

This Defendant argues that it is not an entity that can be sued and requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and/or 17(b). Plaintiff has offered no response to the argument. Therefore, the Court will accept Defendant's supported factual allegations as true. In support of its motion, OCPD relies on Oklahoma statutes setting forth the authority of the City of Oklahoma City to create various departments and offices, and ordinances of the City of Oklahoma City which created OCPD. According to OCPD, as a subordinate department of the City of Oklahoma City, OCPD lacks the ability to sue or be sued. The Tenth Circuit has held that a subordinate department of a municipality is not a proper defendant. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985). For these reasons, Defendant OCPD's motion will be granted and this Defendant will be dismissed with prejudice.

2. Official Capacity Claims.

Plaintiff sued Defendants Citty, Flowers, Sneed, Lambert, Aaron, Shupe, and Beck in their official capacities. These Defendants now seek dismissal of the official capacity claims arguing they are duplicative of the claims against Defendant City of Oklahoma City. Plaintiff does not dispute that the claims are duplicative, but argues that alone is not reason for dismissal. While dismissal is not required, it will reduce possible confusion over which

Defendants are potentially liable for which claims. Further, dismissal will have no effect on Plaintiff's ability to pursue his claims. For these reasons, the official capacity claims against Defendants Citty, Flowers, Sneed, Lambert, Aaron, Shupe, and Beck will be dismissed with prejudice.

3.  Individual Capacity Claims

   A.  ADA Claims.

Defendants Citty, Flowers, Sneed, Lambert, Aaron, and Shupe seek dismissal of the ADA claims against them, arguing the Tenth Circuit has held there is no individual liability under the ADA. In response, Plaintiff concedes that the ADA claims against Aaron, Lambert, and Sneed should be dismissed. However, Plaintiff argues that ADA claims against Citty, Flowers, and Shupe should survive as those individuals are "agents" of the City of Oklahoma City under 42 U.S.C. § 12111(5)(A).

Plaintiff's arguments regarding Defendants Citty, Flowers, and Shupe are not well founded. The Tenth Circuit has specifically held that there is no individual liability under the ADA. See Butler v. City of Prairie Village, Kan., 172 F.3d 736, 744 (10th Cir. 1999). Plaintiff has offered no argument to disregard this clear precedent. Accordingly, the ADA claims against Defendants Citty, Flowers, Sneed, Lambert, Aaron, and Shupe will be dismissed with prejudice.

   B.  FMLA Claims.

Defendants Citty, Flowers, Sneed, Lambert, Aaron, and Shupe seek dismissal of the FMLA claims against them, arguing Plaintiff has failed to plead facts which state a claim for

3

relief. Defendants point to the lack of factual allegations in the Complaint from which a claim for violation of the FMLA could be found. In response, Plaintiff argues that the Complaint is adequate to state a claim against these Defendants. The Court disagrees. Defendants' request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the well-pled allegations in Plaintiffs' Complaint and determine if they state a plausible claim for relief. The Court must examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007). Under this standard, Plaintiff's Complaint fails to state an FMLA claim for relief against the individual Defendants. Rather, Plaintiff's Complaint is nothing more than conclusory allegations of purported discrimination and/or retaliation.

While the issue of individual liability for an FMLA violation is not as clearly defined as that of the ADA, it is clear that at a minimum, before an individual falls within the definition of employer, that person must act, directly or indirectly in the interest of an employer to any employee. See Douglas v. E.G. Baldwin & Assoc., Inc., 150 F.3d 604, 608 (6th Cir. 1998), overruled on other grounds by Thomas v. Miller, 489 F.3d 293 (6th Cir.

2007); Wascura v. Carver, 169 F.3d 683, 685 (11th Cir. 1999). That is, there must be some supervisory authority by the individual Defendants in relation to Plaintiff and his request for FMLA leave. The Complaint fails to make this required connection. Thus, Plaintiff has failed to raise his FMLA claims against the individual Defendants to the level of plausibility. Therefore, Plaintiff's FMLA claims against the individual Defendants will be dismissed without prejudice.

## **CONCLUSION**

For the reasons set forth herein, the Special Appearance, Motion to Dismiss in Support of Defendant Oklahoma City Police Department (Dkt. No. 9); Defendant Aaron's Motion to Dismiss Him from Plaintiff's Complaint (Dkt. Nos. 13 & 14); Defendant Flower's Motion to Dismiss Her from Plaintiff's Complaint (Dkt. No. 15); Defendant Shupe's Motion to Dismiss Him from Plaintiff's Complaint (Dkt. No. 16); Defendant Citty's Motion to Dismiss Him from Plaintiff's Complaint (Dkt. No. 17); the Motion to Dismiss of Defendants Dale Sneed and John Lambert (Dkt. No. 19); and the Special Appearance and Motion to Dismiss of Individual Defendants in Their Official Capacities (Dkt. No. 21) are GRANTED. Plaintiff claims against OCPD, the official capacity claims against the individual Defendants, and Plaintiff's ADA claims against the individual Defendants in their individual capacities are DISMISSED with prejudice. Plaintiff's FMLA claims against the individual Defendants in their individual capacities are DISMISSED without prejudice. To the extent Plaintiff wishes to amend his claims against these Defendants, his Amended Complaint must be filed within

10 days of the date of this Order. Plaintiff's claims against the City of Oklahoma City are not affected by this Order.

IT IS SO ORDERED this 14th day of April, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge