IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROLAND BENAVIDES,               )
                                )
            Plaintiff,          )
                                )
vs.                             )        Case Number CIV-11-126-C
                                )
CITY OF OKLAHOMA CITY,          )
                                )
            Defendant.          )

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant City of Oklahoma City as a police officer.
Beginning in October of 2006, he was assigned to work as a detective in the burglary detail
of the Investigations Bureau.  During that time, Plaintiff developed a serious medical
condition which required him to take intermittent leave from work as permitted by the Family
Medical Leave Act ("FMLA").  Plaintiff used leave at various times and was paid for most
of his time off, either through use of his own sick leave or sick leave donated from other
officers.  On May 23, 2010, Plaintiff made an internal complaint to his supervisor regarding
conduct directed towards him by his co-workers.  Plaintiff complained that co-workers were
harassing him based on his medical condition and that he believed he was being harassed and
given the silent treatment by co-workers.

In May 2010 an investigation began into whether or not Plaintiff was involved in
illegal gambling.  Plaintiff was placed on administrative leave with pay by Defendant on
September 21, 2010, and Plaintiff was served with a multi-county grand jury subpoena at that
time.  On May 27, 2011, Plaintiff was indicted on three felony gambling charges.  Plaintiff

resigned from employment with City of Oklahoma City Police Department on January 17, 2012.  Plaintiff ultimately pled guilty to the gambling charges.

Plaintiff brought the present action asserting he was discriminated and retaliated against during his employment as a police officer in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and retaliated against in violation of the FMLA, 29 U.S.C. § 2601 et seq.  Asserting the undisputed facts entitle it to judgment, Defendant filed a Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at

324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**DISCUSSION**

1.  ADA Discrimination

To make out a prima facie case of disability discrimination under the ADA, the Plaintiff must show (1) that he is disabled as defined by the ADA, (2) that he was qualified, with or without reasonable accommodation, for the job he possessed, and (3) that the Defendant discriminated against him because of his disability.  Johnson v. Weld Cnty. Colo., 594 F.3d 1202, 1217 (10th Cir. 2010).  Defendant argues that Plaintiff was not disabled under the ADA as he did not have a disability as required under that statute.  According to Defendant, the only major life activity identified by Plaintiff was an inability to work.  However, Defendant argues Plaintiff performed his job and was rated by performance evaluations as fully competent to perform his job.  Thus, Defendant argues, Plaintiff could not be described as disabled under the terms of the ADA.  In response, Plaintiff argues that the medical evidence clearly establishes that Plaintiff had a disability in that he was limited in one or more major life activities.

3

After consideration of the evidence presented by the parties, the Court finds that Plaintiff was not disabled as that term is defined in the ADA.  As Defendant notes, the undisputed material facts demonstrate that Plaintiff was employed and performing satisfactorily until he was placed on administrative leave.  While it is unquestionable that Plaintiff suffered a serious medical condition, the undisputed facts do not demonstrate that that medical condition interfered with his ability to work.  The Tenth Circuit has held that: "as long as a plaintiff by her own admission 'maintain[s] a satisfactory level of job performance,' her working ability cannot be said to be so limited that she can be fairly described as disabled under the terms of the ADA."  Weld Cnty., 594 F.3d at 1218 (quoting Croy v. Cobe Labs., Inc., 345 F.3d 1199, 1204 (10th Cir. 2003)).  Thus, the Court finds Plaintiff has failed to show a question of fact as to the first element of the prima facie case. Nevertheless, the Court will consider the remainder of Plaintiff's arguments.

As Plaintiff notes, Defendant does not dispute Plaintiff's ability to satisfy the second element of the prima facie case and thus the query turns to the third.  In arguing that he was discriminated against because of his disability, Plaintiff points to jokes and derogatory comments of co-workers and the fact that he was placed on administrative leave without pay. Of course, there must be evidence from which a reasonable jury could find that the conduct of the co-workers was sufficient to rise to the level of a materially adverse action.  See Somoza v. Univ. of Denver, 513 F.3d 1206, 1215 (10th Cir. 2008); E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028, 1038 (10th Cir. 2011) (collecting cases holding that to demonstrate discrimination the plaintiff must show he suffered an adverse employment

4

action because of his disability).  Thus, the question becomes whether or not the comments made by the co-workers give rise to or are such that a reasonable jury could find that they altered the terms and conditions of Plaintiff's employment.

> To evaluate whether a working environment is sufficiently hostile or abusive, we examine all the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance.

MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005).  Further, the Court is to filter out "complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of age-related jokes, and occasional teasing."  Id.

In his response brief Plaintiff identifies five instances of conduct by co-workers that he claims give rise to an adverse employment action.  Co-workers placed an urn with cremated remains on his desk because he was on his deathbed.  Co-workers placed tampons on his desk, stating he was off work because he was having a heavy flow day, and one of his co-workers made a cartoon video depicting Plaintiff and making discriminatory remarks about his disability.  Plaintiff filed a formal complaint about these actions.  Plaintiff also complains that after he made the formal complaint, the other detectives stopped sending him e-mails inviting him to lunch and began ignoring him.

The complaints that occurred before the formal complaint merit special consideration. As Plaintiff admits, when he made a formal complaint, Defendant immediately launched an investigation, disciplined the perpetrators, and the activity stopped.  Thus, Plaintiff cannot

seek to impose liability on Defendant for co-worker harassment.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 673 (10th Cir. 1998) (noting that an employee seeking to impose liability upon an employer for co-worker-related harassment bears the burden of showing that the employer did not adequately respond to notice of the harassment).

Even when all the issues are considered together, Plaintiff's hostile environment claim fares no better.  Plaintiff has simply failed to demonstrate that a reasonable person in his situation would find the actions by his co-workers to rise to the level of creating a hostile work environment.  See MacKenzie, 414 F.3d at 1280 ("'For a hostile environment claim to survive a summary judgment motion, a plaintiff must show that a rational jury could find that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'") (quoting Penry v. Fed. Home Loan of Topeka, 155 F.3d 1257, 1261 (10th Cir. 1998)); see also Lanman v. Johnson Cnty., Kan., 393 F.3d 1151, 1155 (10th Cir. 2004) (recognizing existence of hostile environment claim under ADA and that those claims are subject to Title VII standards when evaluating conduct).  The federal anti-discrimination law is not intended to serve as a work place civility code see Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998), but is designed to protect individuals from harassment based upon a specific trait.  Here, even when viewed in the light most favorable to Plaintiff, the undisputed facts would not permit a reasonable jury to find that Plaintiff had been subjected to an adverse employment action based on the actions of his co-workers.  Rather, the matters of which he complains fall within the scope of typical

workplace banter.  Accordingly, Plaintiff's claim for discrimination under the ADA will be denied.

2.  Retaliation

Plaintiff next pursues a retaliation claim, alleging that Defendant retaliated against him for engaging in activity protected by the ADA and FMLA.  In order to establish a prima facie case of retaliation, Plaintiff must show (1) that he engaged in protected activity; (2) the employer took action that a reasonable employee would have found materially adverse, and (3) there is a causal connection between the protected activity and the adverse action. McGowan v. City of Eufala, 472 F.3d 736, 741 (10th Cir. 2006); Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1171 (10th Cir. 2006).  The parties are in agreement that Plaintiff has satisfied the first prong, in that he complained to his supervisor of the conduct toward him by co-workers.  The next question is whether or not Plaintiff suffered a materially adverse job action.  Plaintiff identifies several instances of adverse action.  In addition to the jokes and comments noted above, he complains that he was required to provide additional medical documentation; that he was criticized and downgraded on evaluations for using sick leave; that he was denied promotions and transfers; that he was told that he was being watched; and ultimately that he was placed on administrative leave and issued a grand jury subpoena to appear as a witness to gambling.  Then Plaintiff complains that after filing his EEOC Charge, he was denied the right to have outdated reprimands removed from his file.     For the reasons set forth above, the Court finds that the actions by Plaintiff's co-workers are insufficient to rise to the level of a materially adverse

employment action.  In addition, the Tenth Circuit has held that if the actions are not so materially adverse that any employee is dissuaded from filing a discrimination claim, then it is unlikely the Court should find them materially adverse.  See Somoza, 513 F.3d at 1214. As for Plaintiff's complaints about being required to produce additional documentation, Plaintiff fails to offer any legal argument that this act is a materially adverse employment action.  Further, Plaintiff fails to offer any factual support for his assertion.  The exhibit appended by Plaintiff does not indicate that the personnel department disagreed with the requirement of monthly updates, but rather determined, based on the doctor's note, that those updates were no longer required.  To the extent Plaintiff attempts to rely on a telephone conversation between two other people, any statements from that telephone conversation would be hearsay and are insufficient to withstand a motion for summary judgment.  Adams v. Am. Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

The other issues raised by Plaintiff fail for lack of legal or factual support demonstrating that they constituted a materially adverse employment action.  The only issue that merits further discussion is the placement of Plaintiff on administrative leave.  Plaintiff argues that the act of placing him on administrative leave was a pretext to discriminate against or terminate him for his ADA and FMLA activity.  However, Plaintiff was ultimately indicted by the grand jury for gambling – the very claim that led to his being placed on administrative leave – and ultimately Plaintiff pled guilty to those charges. Thus, no reasonable jury could find that placing Plaintiff on administrative leave because of a criminal

investigation was a mere pretext or falsity.  For this reason, Defendant is entitled to judgment on Plaintiff's FMLA and ADA retaliation claims.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Dkt. No. 45) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 16th day of April, 2012.


ROBIN J. CAUTHRON
United States District Judge